---

Merrill & Scott, Houston, Tex., William M. Scott, Jr., Houston, Tex., for plaintiff.

Malcolm R. Wilkey, U. S. Atty. and Sidney Farr, Asst. U. S. Atty., Houston, Tex., for defendant.

INGRAHAM, District Judge.

This is an action for a declaratory judgment of citizenship under Section 503 of the Nationality Act of 1940 as amended 8 U.S.C. 903,[1] and under the Declaratory Judgment Act, 28 U.S.C. § 2201. The case was tried and plaintiff's suit was dismissed upon a judicial finding for the defendant.

The case is now before the court on two motions (1) motion by plaintiff to vacate and set aside the judgment of the court dismissing his cause and to enter judgment declaring plaintiff to be a citizen and national of the United States, or, in the alternative, to set aside the judgment heretofore entered and to order a new trial, and (2) motion by defendant for additional findings of fact and conclusions of law.

**GEE CHEE ON, Plaintiff,**

v.

**Herbert BROWNELL, Jr., Attorney General of the United States of America, Defendant.**

**Civ. A. No. 8560.**

United States District Court
S. D. Texas, Houston Division.

Dec. 6, 1956.

Plaintiff's motion will first be considered. The case was tried to the court without a jury. The court was then and is now of the opinion that plaintiff's case was inconclusive and that he failed to establish his case by a preponderance of credible evidence. At the conclusion of the trial the following colloquy took place between the court and counsel:

"The Court: It is my opinion that the plaintiff's case is inconclusive. Serious doubts have been raised

1. Now Immigration and Nationality Act, 8 U.S.C.A. § 1503.

about the credibility of the plaintiff's testimony. We cannot give the highest credibility to the testimony of one who will swear to what he believes to be the best story at the time. There has been too much patching up of discrepancies in the plaintiff's testimony.

"Plaintiff in this court admitted that he lied in several particulars in his previous testimony before the Board hearings in California. Ordinarily there is no inclination or compulsion to lie if the party has a straight and true case to present. In a case of this sort we expect and must require the utmost of good faith. It is my opinion plaintiff has not met his burden to prove his case by a preponderance of the evidence. Plaintiff's suit will be dismissed with costs adjudged against him.

"I will ask that counsel prepare and submit appropriate dismissal order. I plan to leave on vacation as early next week as I can get away, probably the middle of the week, and will, therefore, ask that it be prepared and submitted by the end of this week.

"Mr. Farr: All right, sir, I will do that.

"The Court: I do not believe we need findings of fact and conclusions of law. I don't believe it is necessary in this case in view of the announced ruling of the Court.

"Mr. Scott: We would like them, Judge, and will request them formally.

"The Court: My findings are that the plaintiff has not met his burden of proof to prove his case by a preponderance of the evidence, that he has not proven his case by a preponderance of the credible testimony. And the conclusions are that his petition should be dismissed with costs adjudged against him.

"Court will stand adjourned."

The court is firm in its opinion and plaintiff's motion, and alternative motions, will be overruled.

The defendant moves the court to make findings of fact and conclusions of law in addition to the findings of fact and conclusions of law recited above. So that they may be fully understood, the additional findings of fact and conclusions of law requested by defendant are quoted fully:

"Findings of Fact

"1(a). 'Gee Chee On is not the son of Gee Sing Suey.'

"(b). In the alternative to 1(a), defendant requests the Court to make the following finding:

" 'Gee Chee On is probably not the son of Gee Sing Suey.'

"(c). In the alternative to 1(a) and 1(b), defendant moves the Court to make the following finding:

" 'Taking into consideration all of the evidence and my observation of the demeanor of the witnesses while testifying, I find that the evidence that Gee Chee On is the son of Gee Sing Suey is unworthy of belief.'

"2(a). 'Gee Sing Suey and Mah Gim Fung were never married.'

"(b). In the alternative to 2(a), defendant moves the Court to make the following finding:

" 'Gee Sing Suey and Mah Gim Fung were probably never married.'

"(c). In the alternative to 2(a) and 2(b) above, defendant moves the Court to make the following finding:

" 'Taking into consideration all of the evidence and my observation of the demeanor of the witnesses while testifying, I find that the evidence that Gee Sing Suey and Mah Gim Fung were married is unworthy of belief.'

"3. 'Gee Chee On has failed to prove by a preponderance of the credible evidence that he is the natural son of Gee Sing Suey.'

"4. 'Gee Chee On has failed to prove by a preponderance of the credible evidence that he is the legitimate son of Gee Sing Suey.'

"Conclusions of Law

"1. 'The evidence presented does not warrant the conclusion that Plaintiff Gee Chee On is a citizen of the United States.' "

The requested findings of fact 1(a) and (b) and 2(a), (b) and (c) cannot be found from the testimony. Defendant's position before the court is purely defensive. Defendant asks no affirmative relief. The court does not find and will not find that Gee Chee On is not the son of Gee Sing Suey or that Gee Sing Suey and Mah Gim Fung were never married. The effect of the court's finding is that plaintiff failed to sustain his burden of proof by a preponderance of credible evidence, and no more. The defendant has not proven the negative findings requested under 1(a) and (b) and 2(a), (b) and (c) of his motion.

The court will adopt as additional findings of fact and conclusions of law those findings of fact set out under 1(c), 3 and 4, and the conclusion of law, set out in defendant's motion.

Clerk will notify counsel to draft and submit orders consistent herewith.